**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MICHAEL R. WAGGONER**                                                                    **PETITIONER**
Reg #44210-008

VS.                             CASE NO.: 2:15CV00129 BSM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller.  Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

II.  **Background**

On February 17, 2000, a jury in the United States District Court for the District of Arizona found petitioner Michael R. Waggoner guilty of murder, conspiracy to commit

murder, and tampering with a witness. (#7-1 at p. 2)  Mr. Waggoner was sentenced to life in prison.  (#7-1 at pp. 2-4)

Mr. Waggoner appealed the judgment.  On appeal, he argued that the court erred by denying him the right to two court-appointed attorneys, even after the government stated it would not be seeking the death penalty.  He also complained that the government had not disclosed evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the trial court had abused its discretion by denying his motion for a new trial based on newly discovered evidence.

On appeal, the court found that the evidence Mr. Waggoner pointed to in support of his new trial motion was cumulative, impeachment-related, or both, and was not evidence showing that a new trial would probably result in an acquittal.  *U.S. v. Waggoner*, 339 F.3d 915, 919 (9th Cir. 2003).  In a footnote, the appeals court also affirmed the district court's denial of a new trial based on alleged Brady violations, noting that the alleged Brady material was "marginal, ambiguous, cumulative, inadmissible, unreliable, inculpatory, irrelevant, or of negligible probative worth."  *Id*. at FN 5 (citation omitted).  The court of appeals affirmed the judgment.  *Id*. at 919.

In March, 2005, Mr. Waggoner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with the sentencing court.  (#7-2)  In his motion Mr. Waggoner argued:

    1.    The Court erred by admitting the videotaped deposition of Jonathon Johnson;

    2.       His sixth amendment rights were violated when counsel "failed to suppress" the "tainted" identification of him by Johnson;

    3.       His sixth amendment rights were violated when the government relied on the "perjurious" testimony of Johnson;

    4.       His sixth amendment rights were violated when his lawyer "failed" to call certain defense witnesses at trial;

    5.       The cumulative error committed by his attorney and the government denied him a fair trial;

    6.       The search warrant executed at Ms. Wilkes's residence was unlawfully issued;

    7.       The Court abused its discretion by "sealing information" relating to "Mr. Davis";

    8.       His sixth amendment rights were violated because the government "obtained possession of defense trial strategy" when it executed a search warrant on Natman Schaye's office; and

    9.       His sixth amendment rights were violated when the trial court removed a second defense counsel over his objections and did not let removed counsel argue at the motions hearing;

(#7-2 at pp. 4-5)

The court denied the petition. (#7-2) In rejecting Mr. Waggoner's ineffective assistance of counsel claims, the court found there was "strong evidence against Petitioner. The government's witnesses were thoroughly impeached, and the evidence Petitioner claims should have been presented would not have changed the verdicts." (*Id*. at p. 11) The court specifically found that Agent Genualdi and Jonathon [sic] Johnson were thoroughly cross-examined. (*Id*.) It found his claims that Agent Genualdi perjured himself before the grand jury and that the government falsified police reports were baseless. His claim that the videotaped testimony should not have been allowed was without merit; it was properly admitted; and was not objected to at trial. (*Id*.)

Mr. Waggoner has now filed a petition for writ of habeas corpus in this Court. In this petition, Mr. Waggoner claims that the government intentionally used the false testimony of eyewitness Jonathan Johnson and withheld information that would have undermined the reliability and credibility of Johnson's testimony. (#1 at pp. 8, 12-13) Mr. Waggoner asks this court to set aside his conviction and grant him a new trial. (#1 at p. 17) He asserts that he is entitled to maintain a petition in this Court under 28 U.S.C. § 2241 because he is actually innocent. (#1 at p. 1 (citing *Schlup v. Delo*, 513 U.S. 298 (1995))

Respondent contends that this Court lacks jurisdiction to hear the petition because claims of this kind must be brought with the sentencing court under 28 U.S.C. § 2255. For the reasons set forth below, the petition should be dismissed.

### III.   Jurisdiction

Generally, a federal inmate claiming that his sentence was imposed in violation of the Constitution must bring that claim in the sentencing court through a motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a); *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out. A court cannot entertain a petition for habeas corpus under § 2241, "if it appears the applicant has failed to apply for relief, by [§ 2255]

motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

Mr. Waggoner argues that the savings clause applies in his case because he is actually innocent of the crime for which he was convicted. Mr. Waggoner relies on the United States Supreme Court's decision in *Schlup v. Delo*, 513 U.S. 298 (1995) to support his argument, but his reliance is misplaced. In *Schlup*, the Supreme Court held that a court can rule on the merits of a habeas petitioner's procedurally defaulted claim if the petitioner can show that a constitutional violation has resulted in the conviction of someone who is actually innocent. The issue in the current petition is not whether Mr. Waggoner can overcome procedural default, but rather, whether 2255's savings clause applies.

A petitioner who seeks to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a

petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Further, the § 2255 remedy is not deemed inadequate or ineffective because the claim was previously raised and rejected in a § 2255 motion. *Id*.

The Court of Appeals for the Eighth Circuit has neither affirmed nor rejected actual innocence as a means of bypassing the gate-keeping requirements of § 2255. See *U.S. v. Laurie*, 207 F.3d 1075, FN4 (8th Cir. 2000) (declining to address whether a claim of actual innocence allows a petition to bypass the gate-keeping requirements of § 2255 and proceed with a § 2241 claim). In *Abdullah v. Hedrick*, 392 F.3d 957, 960–64 (8th Cir. 2004) cert. denied, 545 U.S. 1147 (2005), the Court canvassed cases from other circuits as to whether actual innocence operates as a gateway for a petitioner to take advantage of § 2255's savings clause. Ultimately, the court concluded that the prisoner in that case had an "unobstructed procedural opportunity" to obtain review of his claim in his first § 2255 motion and affirmed the dismissal of his § 2241 petition. *Id*.

Here, the Court cannot apply the savings clause to Mr. Waggoner's case for two reasons. First, Mr. Waggoner had an unobstructed procedural opportunity to have his claims reviewed and took advantage of that opportunity by bringing direct appeal and a § 2255 motion. It appears thta Mr. Waggoner has already raised most, if not all, of the claims raised in his pending petition with the sentencing court.

Second, Mr. Waggoner has not demonstrated that his remedy under § 2255 was inadequate or ineffective. All of the claims he asserts here, including his "actual

innocence" claim, either were, or could have been, raised either on direct appeal or in the § 2255 motion he filed with the sentencing court. Mr. Waggoner has not offered any evidence to show that his claims could not have been brought earlier. See *Laurie*, 207 F.3d at 1077-78. Under these circumstances, the savings clause does not apply.

## IV. Conclusion

Because the Court lacks subject matter jurisdiction over Mr. Waggoner's 28 U.S.C. § 2241 petition for writ of habeas corpus, this Court recommends that Mr. Waggoner's petition (#1) be DISMISSED, without prejudice.

DATED this 2nd day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE